CITIBANK NEVADA, N.A., Appellant, v. GILBERT R. WOOD and SUSAN WOOD, Respondents.

No. 18388

April 28, 1988                    753 P.2d 341

*Wiener, Waldman, Gordon & Silver* and *Anthony V. Sorrentino*, Las Vegas, for Appellant.

*Monte J. Morris*, Henderson, for Respondents.

# OPINION

*Per Curiam:*

This is an appeal by Citibank from a summary judgment which awards surplus proceeds from a trustee's sale to respondents Wood, who are the debtors-trustors named in the deed of trust. Basing its order granting summary judgment on Carrillo v. Valley Bank, 103 Nev. 157, 734 P.2d 724 (1987), the district court determined that Citibank's only remedy in seeking to recover the unsatisfied portion of the Wood debt, after the trustee's sale had extinguished the interest securing that debt, was to sue on the promissory note. Since Citibank failed to bring such a deficiency action within the six-month statutory period, the trial court concluded that Citibank was precluded from recovering any of the trustee's sale surplus.

Although we agree that the six-month period limiting Citibank's ability to sue on the promissory note has run and thereby precludes an action on such note, we do not believe that Citibank is foreclosed from claiming an interest in the trustee's sale surplus. The *Carrillo* case did not limit a junior lienor's right to claim an interest in the surplus proceeds of a trustee's sale.

In *Carrillo*, we were concerned with the ability of a junior lienor who had purchased the property securing the debt to sue for a deficiency judgment without regard to the fair market value of the purchased property. In connection with that particular problem, we held that a purchasing junior lienor can appropriately seek a deficiency judgment, but only to the extent that the combined indebtedness associated with the purchased property exceeds the fair market value of such purchased property on the date of the trustee's sale. *Carrillo*, 103 Nev. at 159, 734 P.2d at 725. By restricting the amount of the purchasing junior lienor's remedy, we refused to allow the purchasing junior lienor to restructure the debt equation to produce a return greater than its full entitlement. *Carrillo*, 103 Nev. at 158, 734 P.2d at 725. In *Carrillo* this court did not deal with an unsatisfied purchasing junior lienor's right to claim an interest in the trustee's sale proceeds; hence *Carrillo* does not control the instant case.

Generally, the funds received at a trustee's sale are to be distributed as follows:
1. The costs of the trustee sale;
2. Satisfaction of the senior lien;
3. Satisfaction of the junior liens; and
4. Remainder to the trustor.

As junior lienholder, Citibank's interest in the excess trustee's sale proceeds is superior to the interest held by the Woods as debtors and trustors. Thus, the trustee's sale surplus should be distributed to Citibank.

Citibank's claim in the trustee's sale surplus, however, is not unlimited. Citibank or a similarly situated creditor may not be allowed to restructure the debt equation in a manner which would lead to an excessive recovery. In the instant case, Citibank realized $13,000.00 from the security; the property was purchased at the trustee's sale for $67,000.00 and subsequently sold by Citibank for $80,000.00. There is nothing in the record to suggest that the $80,000.00 sales price did not represent the fair market value of the property. Since the Wood debt owed to Citibank was $48,197.89 at the time of the trustee's sale, and because Citibank has since realized $13,000.00 from the property securing such debt, Citibank's claim appears to remain unsatisfied in the amount of $35,197.89. Accordingly, Citibank's

claim to the trustee's sale surplus is limited to that amount. Because the trustee's sale surplus, $25,817.48, does not exceed the unsatisfied portion of the Citibank debt, Citibank is entitled to the entire residual amount.

Since the *Carrillo* case does not limit Citibank's remedy exclusively to that of a deficiency judgment, Wood was not entitled to judgment as a matter of law; thus, summary judgment was not warranted. In addition, Citibank holds an interest in the trustee's sale surplus superior to that held by the Woods. As a result, Citibank is entitled to judgment as a matter of law. There existing no unanswered questions of material fact, summary judgment in Citibank's favor is justified. We therefore reverse the summary judgment and remand the case to the district court with instructions to enter summary judgment in favor of Citibank and to distribute to Citibank the excess trustee's sale funds, in full.